## COLE v. STATE OF FLORIDA
Case No. 83-24 AP
Fourth Judicial Circuit, Duval County
December 9, 1983

James T. Miller, Assistant Public Defender, for appellant.

Susan Smathers, General Counsel's Office, City of Jacksonville and Susan E. Humes, Assistant State Attorney, for appellee.

THOMAS OAKLEY, Circuit Judge.

Appellant appeals his conviction for Making Threats, Municipal Ordinance 330.121, City of Jacksonville (hereafter M.O. 330.121). The Jacksonville Sheriff's Office arrested Appellant on March 9, 1983, for violating M.O. 330.121, and Section 877.03, Florida Statutes, Breach of Peace. Counsel for Appellant filed a Motion to Dismiss the charge of Making Threats, alleging that the Ordinance was overbroad on its face

and unconstitutional as applied to the facts of the instant case. The trial court summarily denied this motion.

The State filed an Information alleging that Appellant had (1) violated M.O. 330.121 by threatening officers Winfrey and Wells of the Jacksonville Sheriff's Office, and (2) violated Section 877.03, Florida Statutes, by assaulting Barbara Thomas and screaming threats. The trial court then conducted a bench trial on the charges of Making Threats and Breach of the Peace.

The testimony during the trial revealed the following facts:

Officers Winfrey and Wells responded to a domestic disturbance call at Appellant's apparent residence. Officer Winfrey walked up to Appellant to investigate the disturbance. Appellant began cursing loudly at the officer and he threatened a female who was in the area. The officers then arrested Appellant and placed him in the police car. While Appellant was in the back of the police car (which was apparently locked), he said "he was going to fill back [sic] of Officer Well's head with lead [sic] shooting him with a rifle, and he was going to locate both of their families and take care of the families", Appellant also said that "judges weren't nothing but a pack of whores and he would kill them, too".

The trial testimony also revealed that Appellant did not have the present ability to carry out the threats. Appellant directed the threats to some unknown time in the future. There was no evidence that Appellant committed any physical acts in connection with the verbal threats. There were several onlookers to this incident and Appellant did not incite them to breach the peace nor did Appellant's actions prevent them from pursuing their lawful activities.

After the testimony by the State witnesses and Appellant, Appellant moved for a Judgment of Acquittal on the Making Threats and Breach of the Peace charges. The trial court granted the motion as to breach of the peace, but denied it as to making threats. The trial court found Appellant guilty of Making Threats, M.O. 330.121. Appellant received a sentence of fifty-five (55) days in the Duval County Jail.

On appeal, Appellant contends that M.O. 330.121 is overbroad on its face, unconstitutional as applied to the facts of the present case and is vague. Appellant abandoned the vagueness argument at oral argument and consequently, the court will only address the argument of overbreadth and the unconstitutionality of M.O. 330.121 as applied to the facts of the instant case.

A. Overbreadth

M.O. 330.121 provides that:

"It shall be unlawful and a Class D offense against the City of any person to communicate or cause to be communicated, either orally or in writing, a threat to do physical harm to the person or property of another".

This Ordinance potentially effects the exercise of legitimate First Amendment Rights. M.O. 330.121, on its face, encompasses all conceivable types of "threats", including "threats possibly protected by the First Amendment, e.g., threats directed towards the future, threats uttered without any accompanying intent or ability to carry them out, and threats made in jest. Consequently, this Court will closely examine the provisions of M.O. 330.121 to prevent the possible infringement on the exercise of First Amendment Rights. *State v. Elder*, 381 So.2d 687 (Fla. 1980); *Broadrick v. Oklahoma*, 413 U.S. 601 S. Ct. (1973); *Grand Faloon Tavern v. Wicker*, 670 F.2d 943 (11th Cir. 1982).

This Court finds that M.O. 330.121 does potentially reach constitutionally protected speech. The United States and Florida Supreme Courts have held that the First Amendment protects speech unless it is obscene, slanderous, fighting words, or speech which will, in all likelihood, lead to an imminent breach of the peace, or words that invade the rights of others to pursue their lawful activities. *White v. State*, 330 So.2d 3 (Fla. 1976); *Miller v. California*, 413 U.S. 15, 93 S. Ct. 2607 (1983); *Branderburg v. Ohio*, 395 U.S. 444, 89 S. Ct. 1827 (1969); *New York Times Co. v. Sullivan*, 376 U.S. 255, 84 S. Ct. 710 (1964); *Chaplinsky v. New Hampshire*, 315 U.S. 568, 62 S. Ct. 766 (1942).

M.O. 330.121, because of the broad scope of its provisions, can prohibit language that is not obscence, slanderous, fighting words, incitement to a breach of the peace, or words which invade the rights of others. A threat, especially when not directed to the person threatened, may not be a word "which by its very utterance inflicts injury or tends to incite an immediate breach of the peace", i.e., "fighting words". The manner in which the speaker utters the threat may also not invade the rights of others to pursue their lawful activities. A threat uttered in a normal tone of voice or a written threat may not be seen or heard by another individual.

The Ordinance could punish threats directed to some distance, future action, threats made in jest or threats made without the intent or ability to carry out the threat. The Ordinance does not even require that the person to whom the threat is directed hear the actual threat. The Ordinance also does not limit its scope to threats that reach the level of

an assault. Section 784.011, Florida Statutes. The Court believes the intent of the Ordinance was to prevent threats that lead to physical violence. Section 784.011 would better achieve this result. The assault statute limits illegal threats to threats made with an apparent ability to carry out the threat and the commission of some act which creates a well-founded fear in a person that violence is imminent.

The Court regrets the fact that the legislative body that drafted M.O. 330.121 did not limit the ordinance to those illegal threats recognized by law. The Court does not like to have to reconstitute an Ordinance drafted by the City. However, this Court must, if possible, place a limiting construction on a law that is overbroad. *Erzonznik v. City of Jacksonville*, 422 U.S. 205, 95 S.Ct. 2268 (1975); *Johnson v. Carson*, 569 F. Supp. 974 (M.D. Fla. 1983). Although the Court finds that M.O. 330.121 is overbroad on its face, the Court also finds it can limit the scope of M.O. 330.121.

This Court specifically construes M.O. 330.121 to cover only those threats that (1) constitute an assault pursuant to Section 784.011, Florida Statutes, (2) fighting words as delineated in *Chaplinsky v. Hampshire*, supra, (3) cause or incite an immediate breach of the peace as defined in *Brandenburg v. Ohio*, supra, (4) by the manner of their use invade the rights of others to pursue their lawful activities. *White v. State*, supra. All other threats possibly covered by M.O. 330.121 fall outside the constitutional ambit of the Ordinance.

B. The Constitutionality of M.O. 330.121 as applied to the facts of the instant case

Appellant contends that even if M.O. 330.121 is constitutional on its face, the State cannot constitutionally apply the law to him. The Court agrees. Appellant essentially threatened, while he was in a locked police car, to do future acts of physical violence to two police officers. Appellant lacked any ability to carry out the threats at the time he uttered them. Therefore, the threats were not an assault. The words used by Appellant, although crude, were not obscene or slanderous. The words uttered by Appellant to the police officers were not fighting words. Such words said to a police officer are not fighting words because a police officer must keep the peace in spite of apparent invitations to fight a citizen. See *Lewis v. City of New Orleans*, 425 U.S. 130, 94 S. Ct. 970 (1974); *Gooding v. Wilson*, 405 U.S. 518, 92 S.Ct. 1103 (1972); *Gonzales v. City of Belle Glade*, 287 So.2d 669 (Fla. 1973). The manner of use of Appellant's words also did not invade the rights of others to pursue their lawful activities. There was no evidence in the record the Appellant's speech breached the peace of private citizens. This Court would also note that the trial court granted a

Motion for Judgment of Acquittal on the Breach of the Peace charge. The words used by Appellant obviously express frustration and anger at his arrest; these words, especially those directed to judges, have a somewhat political overtone. Under all the circumstances, the Court doubts whether Appellant, in a locked police car, actually intended to carry out his "threats". The Court, having specifically limited the scope of M.O. 330.121 to uphold it, finds that the conduct of Appellant did not come within the constitutional ambit of M.O. 330.121. Therefore, Appellant is entitled to have his conviction set aside and accordingly it is

ORDERED that the judgment and sentence of Appellant in this cause be VACATED and set aside and this cause is remanded to the trial court for proceedings not inconsistent with this opinion.